# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **NELDA L. LAWRENCE** | **CIVIL DOCKET NO. 1:21-CV-03340** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WAL-MART LOUISIANA, LLC** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 19] filed by Defendant, Wal-Mart Louisiana, LLC ("Walmart"). An Opposition [Doc. 29] was filed by Plaintiff, Nelda Lawrence ("Plaintiff"), to which Walmart filed a Reply [Doc. 30]. For the following reasons, Defendant's Motion is GRANTED.

### BACKGROUND

On September 17, 2020, Plaintiff visited a Walmart store in Vidalia, Louisiana. [Doc. 29, p. 2]. While at the store, Plaintiff claims she slipped on an "accumulation of water" on the floor of the accessible "handicapped" stall in the women's restroom.[1] [Doc. 19, p. 1]. Plaintiff alleges that she was injured as a result of her fall. [Doc. 29, p. 2]. In her deposition, Plaintiff testified that she does not know how the water got onto the floor, how long the water was on the floor, or if any Walmart employee had knowledge of the wet floor prior to her fall. [Doc. 19-3, pp. 5-6].

On September 17, 2021, Plaintiff filed this lawsuit invoking the Court's diversity jurisdiction pursuant to 18 U.S.C. § 1332. [Doc. 1]. Walmart filed a Motion

---

[1] The Vidalia Walmart has only one women's restroom that is shared by employees and customers. [Doc. 29, p. 2].

for Summary Judgment on January 19, 2023, asserting that Plaintiff cannot meet her evidentiary burden under the Louisiana Merchant Liability Act. La. R.S. 9:2800.6 ("Merchant Liability Act") [Doc. 29]. Specifically, Walmart contends that Plaintiff is unable to establish that Walmart either: (i) created the alleged hazardous condition or (ii) had actual or constructive notice of the hazardous condition and subsequently failed to exercise reasonable care. [Doc. 19-1, p. 2]. In response, Plaintiff alleges that surveillance video depicting two Walmart employees exiting the women's restroom shortly before Plaintiff enters provides sufficient circumstantial evidence that Walmart had actual or constructive knowledge of the water on the floor. [Doc. 29, p. 5].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings in conjunction with affidavits and documentary evidence, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 255 (1986). ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues

critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc., v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (*citing Celotex*, 446, U.S. at 325). There is no genuine issue for trial — and thus a grant of summary judgment is warranted — when the record as a whole "could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. <u>Louisiana's Merchant Liability Act</u>

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Louisiana law, Wal-Mart's potential liability for Lawrence's accident and resulting injuries is governed by the Merchant Liability Act. The Merchant Liability Act imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by an allegedly hazardous condition on the merchant's premises, a plaintiff bears the burden of proving that the defendant was negligent and that:

1) The condition presented an unreasonable risk of harm to the claimant and the risk of harm was reasonably foreseeable;

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3) The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).

Importantly, it is the Plaintiff's burden to prove each of these three elements. "The burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 10-1109, p. 3 (La. App. 3rd Cir. 3/16/11), 59 So.3d 513, 515 (*citing White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 669 So.2d 1081); *Ferrant v. Lowe's Home Centers, Inc.*, 494 Fed. App'x. 458, 460 (5th Cir. 2012). Walmart's Motion posits that Plaintiff cannot meet the factual showing required by the Merchant Liability Act – specifically, that Plaintiff has no evidence that Walmart "either created or had constructive notice of the harm" that caused her to fall. [Doc. 19-1, p. 6].

### III. Plaintiff Cannot Demonstrate Actual or Constructive Notice of the Condition

In her opposition to the Motion, Plaintiff argues that summary judgment should be denied because Walmart had actual or constructive notice of the water on the floor. [Doc. 29, p. 5]. Specifically, Plaintiff contends that the presence of Walmart associates in the restroom prior to Plaintiff entering is sufficient to establish actual and constructive notice under the Merchant Liability Act. [Doc. 29, pp. 5-6].

First, Plaintiff alleges that Walmart had actual notice of the water because employees "who were in the restroom ... had ample opportunity to see the water and yet failed to take precautionary measures." [Doc. 29, p. 6]. However, other than suggesting employees had the "opportunity" to see the water, Plaintiff has not produced any evidence to indicate Walmart had actual knowledge of the condition. Indeed, by her own admission, Plaintiff did not see water until she was in the accessible stall. [Doc. 29-3, p. 5]. Moreover, while the surveillance footage shows that employees entered the restroom, there is no evidence that these employees went into the accessible stall or otherwise had an opportunity to see the water on the floor. Accordingly, Plaintiff has failed to present any evidence that Walmart had actual notice of the wet floor.

Second, Plaintiff alleges that Walmart had constructive knowledge of the wet floor. A plaintiff may show constructive knowledge by providing evidence, "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). Importantly, "some positive evidence is required of how long the condition existed prior to the fall." *McDowell v. Wal-Mart Stores, Inc.*, 811 Fed. App'x. 881, 884 (5th Cir. 2020). "A claimant who simply shows that the condition without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 9/9/97). Similarly, "[m]ere speculation or suggestion is not sufficient to [show constructive notice]." *Bagley v. Albertsons, Inc.*, 492 F.3d

328, 330 (5th Cir. 2007) (quoting *Allen v. Wal-Mart Stores Inc.*, 850 So.2d 895, 898 (La. App. 2d Cir. 6/25/03).

In *Guillory v. The Chimes*, the Louisiana First Circuit held that a plaintiff who slipped in a wet substance on the floor of a restaurant failed to survive summary judgment because the plaintiff's claim was "based on speculation rather than on fact." 240 So.3d 193, 197 (La. App. 1 Cir. 12/21/17). In doing so, the court noted that the record was "devoid of proof establishing the nature of the substance … on the floor; how it came to be on the floor; or how long it was on the floor prior to the accident." *Id.*; *see also White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97) (holding plaintiff failed to establish constructive notice based on a determination that an employee fifteen feet away "could have noticed the spill," and that "[t]o find constructive notice … without any positive showing of how long the spill was in existence or if it could be seen from [the employee's] zone is error." *Id.* at 1086; *Mohammad v. P.F. Chang's China Bistro*, 548 Fed. App'x. 236, 239 (5th Cir. 2013) (finding plaintiffs who slipped in liquid on floor failed to establish constructive notice because they "presented no evidence that the liquid in this case was on the floor for any length of time – let alone that that time was sufficient that the restaurant have discovered its existence through the exercise of ordinary care"); *Adams v. Dolgencorp, L.L.C.*, 559 Fed. App'x. 383, 386 (5th Cir. 2014) (holding plaintiff that slipped on lotion in the vicinity of an employee "failed to present any evidence of how or why the lotion was spilled, much less any showing that [the nearby employee] or any other [] employee [was] exercising less than reasonable care in not discovering it."; *Allen v.*

*Wal-Mart Stores, Inc.*, 850 So.2d 895, 899 (La. App. 2 Cir. 6/25/03) (finding that without additional evidence, drawing inference that the spill was present for some time before plaintiff fell based on the size of the spill, is not enough to establish defendant had constructive notice because the inference is "merely one possibility which is not more likely than any other potential scenario.").

Here, Plaintiff has failed to produce any evidence that the water was on the restroom floor for any period of time before she fell. Indeed, Plaintiff conceded in her deposition that she does not know how the water got on the floor, how long it had been on the floor, or whether any employee was aware of the hazard. [Doc. 19-3, pp. 6-7]. Moreover, Plaintiff stated that she did not notice any water on the floor of the restroom until she had already entered the stall. [Doc. 19-3, p. 6]. Other than Plaintiff's testimony that water was present on the floor *when she fell*, the only evidence tendered by Plaintiff is a still image of surveillance video that shows Walmart employees outside the women's restroom before Plaintiff enters. [Doc. 29-3, p. 5]. Without more, the mere fact that Walmart employees were in the restroom before Plaintiff's fall is insufficient to create a genuine dispute of material fact as to whether the Walmart employees had notice of the hazard. At bottom, this evidence requires the Court to speculate that: (i) the hazard existed when the employees were in the restroom and (ii) that the employees were aware, or should have been aware, of the hazard.[2]

---

[2] Plaintiff further alleges that Walmart had constructive notice because of Walmart's own safety policy, which states that employees have a continuous and ongoing duty to inspect the store and restrooms for hazards. [Doc. 29, p. 5]; [Doc. 29-4, p. 9]. However, because

For the foregoing reasons, the Court finds that there is no genuine dispute of material fact as to whether Walmart had actual or constructive notice of the wet floor causing Plaintiff's injuries. Given that Plaintiff has failed to meet her burden of proving the second element of the Merchant Liability Act, the Court need not analyze the first or third prongs of the statue in finding that summary judgment is appropriate.

## Conclusion

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 19] is GRANTED.

IT IS FURTHER ORDERED that all of Plaintiff's claims are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 18th day of April 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

Plaintiff has not provided any evidence that the water was on the restroom floor for any period of time, Plaintiff cannot prove that Walmart violated its safety policy.